IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Timothy Lewis,                                   Case No. 3:09CV1203

           Plaintiff

v.                                             ORDER

Whirlpool Corporation,

           Defendant

This is a suit by a former employee against his former employer, defendant Whirlpool Corporation. Plaintiff contends that he was fired from his position as a supervisor because he refused to terminate union organizers. Plaintiff claims that Whirlpool's actions violated 19 U.S.C. § 158(a)(3) of the National Labor Relations Act [NLRA] and Ohio public policy.

Pending is Whirlpool's motion to dismiss [Doc. 5]. The company seeks dismissal on the basis that NLRA preempts plaintiff's claims. Plaintiff disputes this contention, asserting that the National Labor Relations Board [NLRB], pointing to plaintiff's status as a supervisor and thus outside the protection of the NLRA, rejected a complaint he filed under the NLRA. In doing so, the Board, according to the plaintiff, left him to his state remedies – *i.e.,* his instant state law claim that his termination violated Ohio public policy.

For the reasons that follow, I grant defendant's motion to dismiss.

Claims by supervisory personnel that an employer fired them for failing to directly interfere with the rights of subordinate employees to unionize come within the NLRA. As stated in *Parker-Robb Chevrolet*, 262 NLRB 402, 403 (1982), *aff'd*, *Automobile Salesmen's Union Local 1095 v. NLRB*, 711 F.2d 383 (D.C. Cir. 1983),"an employer may not discharge a supervisor for refusing to commit unfair labor practices, or because the supervisor fails to prevent unionization." Thus, "a supervisor's discharge is found to be unlawful [under the NLRA] if it is motivated by a desire to thwart organizational activity among employees." *Id*. at 404.

Other cases are to the same effect. *USF Red Star, Inc. v. N.L.R.B.*, 230 F.3d 102, 106 (4th Cir. 2000) ("Although supervisors are not explicitly covered by the NLRA, § 158(a)(1) is violated if a supervisor's discharge results from his refusal to commit an unfair labor practice."); *Gerry's Cash Markets, Inc. v. N.L.R.B.*, 602 F.2d 1021, 1023 (1st Cir. 1979) ("[I]f employers are allowed to force supervisors to engage in unfair labor practices, this necessarily results in direct interference with the affected rank-and-file employees in the exercise of their [protected] rights."); *Pontiac Osteopathic Hosp.*, 284 NLRB 442, 442 (1987) ("discharge of a supervisor violates the Act only where it interferes with the exercise of employees' Section 7 rights.").

Where the subject matter of a claim is within the scope of the NLRA, no court, state or federal, may exercise jurisdiction over such claim. *E.g., San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 245 (1959). To determine whether the subject matter covered by the NLRA and a particular claim are the same, "the critical inquiry is whether the controversy presented to the . . . court is identical to . . . or different from . . . that which could have been, . . . , presented to the Labor Board." *Sears, Roebuck & Co. v. Carpenters*, 436 U.S. 180, 197 (1978).

Plaintiff presented the same contention to the NLRB as he alleges here: namely, that Whirlpool violated the NLRA by firing him for not terminating subordinate employees engaged in unionization efforts. It thus appears clear that the NLRA preempts his claim in this court.

Contending otherwise, plaintiff points to the letter from the NLRA informing him that it would not proceed with his claim, and advising him to withdraw his claim rather than suffer its dismissal. That letter, plaintiff points out, expressly states: "It is undisputed that you served the Company in the capacity of a 'supervisor' within the statutory meaning of Section 2(11) of the Act and, consequently, do not enjoy the protections guaranteed 'employees' under the Act." [Doc. 13-2].

But, as the company points out in its reply, that is not all that the NLRB's letter stated. It started out with the statement:

> Principally, it was concluded that the charge against the Employer is without merit since no clear evidence established that it terminated your employment in April of this year because you refused to commit unfair labor practices on its behalf during a previous union organizing campaign some three years earlier or for any other reason proscribed by the National Labor Relations Act. The evidence disclosed that you were terminated as an Employer response to its investigation into improper work time reporting practices by personnel under your direction.

*Id*.

The fair, plain, and only reading of the letter as a whole is that the Board, rather than deeming itself to be without jurisdiction due to plaintiff's status as a supervisor, considered that it had jurisdiction to determine whether plaintiff's claim of a violation of the NLRA had occurred. On examination of the merits of the plaintiff's contentions, the Board found that plaintiff's contentions were not well founded. Had the Board believed, as plaintiff suggests, that plaintiff's supervisory status prevented it from considering his complaint, the Board would not have considered, much less ruled on the merits.

Plaintiff's complaint before the board and his allegations here are congruent in all essential regards and details. The NLRA preempts his claim, he had his day before the NLRB, and this court is without jurisdiction to adjudicate his complaint.

It is, therefore,

ORDERED THAT defendant's motion to dismiss [Doc. 5] be, and the same hereby is granted.

So ordered.

s/James G. Carr  
James G. Carr  
Chief Judge